UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY COLLINS,

        Petitioner,

v.           Case Number: 2:09-CV-10627

MARY BERGHUIS,

        Respondent.
                                    /

**OPINION AND ORDER GRANTING PETITIONER'S "MOTION TO AMEND PARTY RESPONDENT" [Dkt. # 2] AND GRANTING PETITIONER'S "MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS" [Dkt. # 3]**

Before the court are two motions by Petitioner Corey Collins, both filed February 20, 2009: (1) "Motion to Amend Party Respondent," and (2) "Motion to Amend Petition for Writ of Habeas Corpus." On February 19, 2009, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Through his motions, Petitioner now seeks to amend his petition for a writ of habeas.

Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil procedure rule, Federal Rule of Civil Procedure 15, allows a party to amend a pleading once as a matter of course at any time before a responsive pleading is served or by leave of court. Fed. R. Civ. P. 15(a). A responsive pleading has not yet been filed by Respondent.

In his "Motion to Amend Party Respondent," Petitioner states that an administrative error resulted in the incorrect Respondent being named in the original

petition.  The proper respondent for a habeas petition filed pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner.  *See* Rule 2, Rules Governing Section 2254 Cases.  Petitioner is incarcerated at the Carson City Correctional Facility in Carson City, Michigan.  The Warden of that facility is Blaine Lafler, and he is the proper Respondent in this matter.  Therefore, the court grants "Petitioner's Motion to Amend Party Respondent."

Petitioner has also filed a "Motion to Amend Petition for Writ of Habeas Corpus," seeking to amend his petition to include a claim inadvertently omitted from the original petition.  Petitioner filed his motion to amend the day after he filed his original petition, and little, if any, prejudice could result to Respondent by allowing Petitioner's motion to amend.  Thus, the court finds that the interests of justice are best served by permitting Petitioner to amend his petition.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  Accordingly,

IT IS ORDERED that Petitioner's "Motion to Amend Party Respondent" [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus" [Dkt. # 3] is GRANTED.

Finally, IT IS ORDERED that the Clerk of Court is DIRECTED to amend the case caption to read: "*Corey Collins v. Blaine Lafler.*"

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2009, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522